**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Isaac SAMANIEGO–RODRIGUEZ and**
**Francisco Morales–Mendoza,**
**Defendants–Appellants.**

Nos. 93–3015, 93–4035.

United States Court of Appeals,
Seventh Circuit.

Argued June 9, 1994.

Decided Aug. 4, 1994.

Rehearing and Suggestion for Rehearing
En Banc Denied Sept. 30, 1994.

Barry R. Elden, Asst. U.S. Atty., John Collins (argued), Chicago, IL, for U.S.

Carol A. Brook, Camille B. Conway, Office of the Federal Defender Program, Deane B. Brown (argued), Federal Defender Service, N.D.Ill., Chicago, IL, for Isaac Samaniego–Rodriguez.

Carol A. Brook, Office of the Federal Defender Program, Deane B. Brown (argued), Federal Defender Service, N.D.Ill., Sergio F. Rodriguez, Blunt & Schum, Chicago, IL, for Francisco Morales–Mendoza.

Before CUMMINGS, ESCHBACH, and RIPPLE, Circuit Judges.

ESCHBACH, Circuit Judge.

In this consolidated criminal appeal, two defendants challenge their sentences for convictions for unlawful reentry into the United States after deportation under 8 U.S.C. § 1326. They argue that their sentences violate the Due Process Clause of the Fifth Amendment to the Constitution. We affirm.

## I.

Isaac Samaniego–Rodriguez and Francisco Morales–Mendoza are Mexican nationals who resided illegally in the United States. Both men were convicted in Illinois state court of possession with intent to deliver cocaine and were deported from the United States. At the time of their deportations, the Immigration and Naturalization Service (INS) provided the defendants with a form to read and sign. Form I–294 warned the defendants that unauthorized reentry into the United States after deportation is a felony under 8 U.S.C. § 1326, punishable by a term of imprisonment of not more than two years and/or a fine of $1,000.[1] However, Form I–294 did not reflect amendments to § 1326 which provided that deportees convicted of aggravated felonies could be punished by up to fifteen years' imprisonment. *See* 8 U.S.C. § 1326(b)(2).

Both defendants illegally reentered the United States and were convicted under 8 U.S.C. § 1326.[2] Because the defendants had prior aggravated felony convictions,[3] the Sentencing Guidelines called for a sixteen-level increase in their base offense levels. U.S.S.G. § 2L1.2(b)(2). At sentencing, each defendant argued for a downward departure, maintaining that the sixteen-level increase under § 2L1.2(b)(2) was disproportionately severe relative to the conduct underlying his aggravated felony conviction and that the Sentencing Commission had not considered Form I–294's warning of a two-year maximum term of imprisonment. In both cases, the district court found no reason to depart from the Sentencing Guidelines. Morales–Mendoza was sentenced to 57 months' imprisonment and Samaniego–Rodriguez was

---

1. The relevant portion of the form stated "By law (Title 8 of United States Code, Section 1326) any deported person who within five years returns without permission is guilty of a felony. If convicted he may be punished by imprisonment of not more than two years and/or a fine of not more than $1,000.00."

2. 8 U.S.C. § 1326, entitled "Reentry of deported alien; criminal penalties for reentry of certain deported aliens" provides:

   (a) Subject to subsection (b) of this section, any alien who—
   (1) has been arrested and deported or excluded and deported, and thereafter
   (2) enters, attempts to enter, or is at any time found in, the United States, unless (a) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with

respect to an alien previously excluded and deported, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act, shall be fined under Title 18, or imprisoned not more than 2 years, or both.
(b) Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection—
   (1) whose deportation was subsequent to a conviction for commission of a felony (other than an aggravated felony), such alien shall be fined under Title 18, imprisoned not more than 5 years, or both; or
   (2) whose deportation was subsequent to a conviction for an aggravated felony, such alien shall be fined under such Title, imprisoned not more than 15 years, or both.

3. Possession of cocaine with intent to deliver is an aggravated felony within the meaning of 8 U.S.C. §§ 1101(a)(43) and 1326(b)(2), and U.S.S.G. § 2L1.2(b)(2).

sentenced to 41 months' imprisonment.[4] Both defendants filed timely appeals which were later consolidated. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

## II.

On appeal, the defendants argue that their due process rights under the Fifth Amendment were violated when the INS gave them inaccurate notice of the penalties to which they were subject for unlawful reentry into the United States. While conceding that the statute under which they were convicted, 8 U.S.C. § 1326, explicitly defined both the punishable conduct and the possible penalties, the defendants focus on the INS's use of Form I–294 to inform deportees of the consequences of unlawful reentry. Because the form incorrectly advised them that, upon reentry into the United States, they would be subject to a two-year maximum term of imprisonment, the defendants argue that sentencing them beyond two years violates their right to due process. They also argue that both the rule of lenity and equitable considerations dictate that their sentences be limited to two years.

■ Because the defendants did not present these arguments at the district court level and have thereby waived them, we review their sentences for plain error only. *United States v. Blythe*, 944 F.2d 356, 359 (7th Cir.1991). We note initially that the defendants' reliance on Form I–294 to establish a due process violation is misplaced. The fair notice requirement of the Due Process Clause is satisfied if the criminal statute clearly defines the conduct prohibited and the punishments authorized. *United States v. Batchelder*, 442 U.S. 114, 123, 99 S.Ct. 2198, 2203, 60 L.Ed.2d 755 (1979). Unquestionably, § 1326 satisfies these standards by clearly articulating the penalties for unlawful reentry. Thus, regardless of the inaccuracy of Form I–294, the *statute* under which the defendants were convicted provided notice adequate to satisfy the requirements of due

process.[5] *Accord United States v. Perez–Torres*, 15 F.3d 403, 406 (5th Cir.1994); *see also United States v. Arzate–Nunez*, 18 F.3d 730, 737 (9th Cir.1994).

■ Though the defendants couch their argument in terms of due process, we agree with the government that the substance of their argument is one of estoppel. *See Perez–Torres*, 15 F.3d at 407 (treating due process claim of illegal alien as one of estoppel). This Court recently considered whether the United States could be "equitably estopped" from sentencing a defendant under § 1326(b) because of Form I–294. As we noted in *United States v. Shaw*, 26 F.3d 700, 701–702 (7th Cir.1994):

> Although the Supreme Court has not foreclosed the possibility of estoppel under exceptional circumstances, *see OPM v. Richmond*, 496 U.S. 414 [110 S.Ct. 2465, 110 L.Ed.2d 387] (1990); *Heckler v. Community Health Services of Crawford County, Inc.*, 467 U.S. 51 [104 S.Ct. 2218, 81 L.Ed.2d 42] (1984); it has insisted that errors by the Executive Branch cannot prevent application of the law unless the person asserting estoppel establishes all of the requirements of this doctrine at common law—including a detrimental change of position in reasonable reliance on the erroneous advice.

Notwithstanding their attorney's claim of detrimental reliance, the record contains no evidence that either Morales–Mendoza or Samaniego–Rodriguez relied on any advice contained in INS Form I–294. Therefore, we "need not pursue the question whether, and if so how far, equitable estoppel can prevent enforcement of the penalty provisions in criminal statutes." *Shaw*, 26 F.3d at 702. *Compare Perez–Torres*, 15 F.3d at 407 (holding that the willful and knowing commission of a felony in reliance on inaccurate information in Form I–294 does not constitute "reasonable reliance" for purposes of equitable estoppel). The defendants' remaining chal-

---

**4.** Morales–Mendoza's longer sentence resulted from his higher criminal history category.

**5.** We note also that Form I–294 specifically referred to 8 U.S.C. § 1326 as the statute making unauthorized reentry into the United States a felony.

lenges warrant no discussion under the plain error standard of review.[6]

## III.

For these reasons, we AFFIRM the defendants' sentences.

---

**6.** At oral argument, the defendants' counsel asked that this case be heard *en banc* so that the *Shaw* decision could be reconsidered. This is not the correct procedure to suggest a rehearing *en banc*. Under Fed.R.App.P. 35(c), a party must make a suggestion for a rehearing *en banc* within the time prescribed by Fed.R.App.P. 40 for filing a petition for rehearing. Fed.R.App.P. 40(a) requires that a petition for rehearing be filed within 14 days *after entry of judgment.*