53 F.3d 334
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit
 UNITED STATES of America, Plaintiff-Appellee,
v.
Anselmo ZAPATA-SALAZAR, Defendant-Appellant
 No. 94-3664.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 21, 1995.*
Decided April 24, 1995.
 
 Before POSNER, Chief Judge, and FAIRCHILD and KANNE, Circuit Judges.
 
 ORDER
 
 1
 In June 1994, Anselmo Zapata-Salazar, a Mexican national, pleaded guilty to one count of illegally re-entering the United States after having been deported for attempted murder.[2] 8 U.S.C. Sec. 1326. The district judge sentenced him to 52 months in prison. On appeal, Zapata-Salazar contends he was deprived of his right to due process under the Fifth Amendment when the Immigration and Naturalization Service misinformed him by its Form I-294 that the penalty for a violation of 8 U.S.C. Sec. 1326(b) was capped at two years instead of fifteen years.[3] According to Zapata-Salazar, the presentation of Form I-294 at his deportation precluded imposition of a prison term in excess of two years.
 
 
 2
 At sentencing, Zapata-Salazar explicitly disclaimed reliance on the due process argument that he presently makes. (Tr. 10-11). As a result, the argument is waived. United States v. Olano, 113 S.Ct. 1770, 1777 (1993); United States v. Lakich, 23 F.3d 1203, 1207 (7th Cir.1994). Waiver aside, our opinions in United States v. Samaniego-Rodriguez, 32 F.2d 242 (7th Cir.1994), cert. denied, (U.S. Apr. 3, 1995) (No. 94-7518), and United States v. Shaw, 26 F.3d 700 (7th Cir.1994), foreclose Zapata-Salazar's constitutional challenge based on the erroneous INS form. These cases establish that the government is not precluded under either due process or equitable estoppel principles from seeking a sentence that exceeds the two years described in INS Form I-294. Samaniego-Rodriguez, 32 F.2d at 244; Shaw, 26 F.3d at 701; accord United States v. McCalla, 38 F.3d 675, 678-79 (3d Cir.1994); United States v. Sanchez-Montoya, 30 F.3d 1168, 1169 (9th Cir.1994) (per curiam),[4] cert. denied, 63 U.S.L.W. 3689 (U.S. Mar. 20, 1995) (No. 94-6675); United States v. Meraz-Valeta, 26 F.3d 992, 996 (10th Cir.1994); United States v. Perez-Torres, 15 F.3d 403, 406-07 (5th Cir.), cert. denied, 115 S.Ct. 125 (1994). In light of our prior holdings, the sentence imposed in this case was proper.
 
 
 3
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No statement has been filed, so the appeal is submitted for decision on the briefs and record
 
 
 [2]
 Zapata-Salazar was deported in November 1992, after he pleaded guilty in 1990 to attempted murder in Illinois state court
 
 
 [3]
 To the extent Zapata-Salazar is appealing the district judge's denial of his motion for a downward departure from the applicable Sentencing Guidelines range, we lack jurisdiction to review that decision. United States v. Dillard, 43 F.3d 299, 311 (7th Cir.1994). The district judge believed he had the discretion to consider whether Form I-294 provided a ground for departure, yet declined to exercise that discretion. (Tr. 12, 15). The issue is thus outside our review. United States v. Smith, 14 F.3d 662, 666 n. 1 (1st Cir.1994)
 
 
 [4]
 The Ninth Circuit's per curiam opinion in Sanchez-Montoya vacated the district court's decision in United States v. Sanchez-Montoya, 834 F.Supp. 315 (C.D.Cal.1993), which Zapata-Salazar relied on for his claim of negligence