United States Court of Appeals,

Eleventh Circuit.

No. 94-4951

Non-Argument Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

Luis Alberto DENIS-LAMARCHEZ, a/k/a Sherwin Silvino Esposa, Defendant-Appellant.

Sept. 15, 1995.

Appeal from the United States District Court for the Southern District of Florida. (No. 93-516-CR-LCN), Lenore Carrero Nesbitt, Judge.

Before ANDERSON, EDMONDSON and CARNES, Circuit Judges.

PER CURIAM:

This appeal presents the question whether district courts can impose a sentence for illegal entry into the United States in excess of the two-year maximum penalty erroneously stated on INS Form I-294. The answer is "yes": 8 U.S.C. § 1326(b)(2), clearly states that aliens deported after a conviction for aggravated felonies face a fifteen-year maximum sentence, if they re-enter this country.[1]

Luis Denis-Lamarchez was deported from this country in 1989 after two convictions for the sale of cocaine and one conviction for cocaine possession. When Lamarchez was deported, he received an INS Form I-294 stating that it was illegal for him to re-enter the United States without approval and that illegal re-entry could result in a two-year maximum sentence. This form did not reflect

---

[1]Section 1326(b)(2) was amended in 1994 to increase the maximum penalty from 15 years to 20 years.

changes made to the underlying statute, 8 U.S.C. § 1326(b), in 1988 which added a provision setting the maximum penalty at 15 years for defendants with prior felony convictions.

When, in 1993, Lamarchez was arrested for illegally entering the United States after deportation in violation of 8 U.S.C. § 1326(a) and (b)(2), he entered into a plea agreement with the government.[2]  The Presentence Investigation Report (the "PSI") calculated an offense level of 25 and a criminal history category of III, resulting in a guideline range of 70 to 87 months of imprisonment.  The district court sentenced Lamarchez to 70 months of imprisonment.

Lamarchez does not challenge the calculations in the PSI, but argues instead that due process and fundamental fairness prevent the district court from imposing a sentence in excess of the two year maximum set out in the INS Form I-294.  But, Lamarchez cannot show a violation of due process because the criminal statute, 8 U.S.C. § 1326(b)(2), clearly set out the 15 year maximum sentence for illegal re-entry of a deportee previously convicted of an aggravated felony.  The statute gives fair warning.

Because the statute provided for the maximum penalty, we reject Lamarchez's argument and affirm the district court's 70 month sentence.  In rejecting this claim, we join a number of circuits which have similarly held that the INS Form I-294 is no

---

[2]Lamarchez was also charged with using a false passport in violation of 18 U.S.C. § 1543, using a document containing a false statement in violation of 18 U.S.C. § 1001, and assaulting a federal officer in violation of 18 U.S.C. § 111(a).  Lamarchez pled guilty to illegally reentering the United States and assaulting a federal officer.  The other two charges were dropped.

criminal statute and that sentencing in excess of the two year maximum, erroneously stated on the form, is no violation of due process or fundamental fairness.[3]

AFFIRMED.

---

[3]*See United States v. Troncoso,* 23 F.3d 612 (1st Cir.1994); *United States v. McCalla,* 38 F.3d 675 (3d Cir.1994); *United States v. Perez-Torres,* 15 F.3d 403 (5th Cir.1994); *United States v. Samaniego-Rodriguez,* 32 F.3d 242 (7th Cir.1994); *United States v. Sanchez-Montoya,* 30 F.3d 1168 (9th Cir.1994); *United States v. Meraz-Valeta,* 26 F.3d 992 (10th Cir.1994).