United States Court of Appeals,

Eleventh Circuit.

No. 94-5248

Non-Argument Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

Michael THOMAS, a/k/a Dally Jones, a/k/a Michael Brown, a/k/a Kirk Andrew Tyrie, Defendant-Appellant.

Dec. 7, 1995.

Appeal from the United States District Court for the Southern District of Florida.

Before ANDERSON, BLACK and CARNES, Circuit Judges.

PER CURIAM:

Michael Thomas appeals his 57-month sentence for illegal reentry into the United States by an alien, 8 U.S.C. § 1326(b)(2). According to reports submitted by the Immigration and Naturalization Service (INS), Thomas initially entered the United States in 1980. Thomas was convicted in 1988 for sale of a controlled substance and possession of a firearm and was sentenced to a term of incarceration. After his release from prison, he was deported to Jamaica. Thomas entered the U.S. Virgin Islands in 1992 on a temporary visa requiring him to depart by January 29, 1993. Thomas subsequently reentered the U.S. mainland and resided in Miami until he was arrested on charges of kidnapping and sexual battery on October 29, 1993.

On appeal, Thomas raises two issues. He argues: (1) due process and equitable estoppel principles require that the district court sentence him to no more than the two-year term set forth as the maximum penalty on the INS Form I-294 provided at his deportation proceeding; and (2) the district court erred in refusing a downward departure from the sentencing guidelines based upon the Government's misleading statement on the INS form. We conclude only Thomas' equitable estoppel argument merits comment.[1]

---

[1] This Circuit recently held that due process considerations are not implicated by misinformation in INS Form I-294 because the underlying statute, 8 U.S.C. § 1326(b)(2),

Although this Circuit has not had occasion to determine whether the Government is equitably estopped from seeking a sentence greater than the two-year term stated in INS Form I-294, this argument has been rejected by other Courts of Appeals. *See, e.g., United States v. Ullyses-Salazar,* 28 F.3d 932, 936-37 (9th Cir.1994) (holding doctrine of estoppel by entrapment inapplicable both in situation where defendant was told that certain conduct was illegal, and in absence of proof of affirmative government misconduct), *cert. denied,* --- U.S. ----, 115 S.Ct. 1367, 131 L.Ed.2d 223 (1995).

Thomas fails to show that he illegally reentered the United States in reliance on the lesser penalty suggested in the INS form rather than the actual statutory penalty he faced as a convicted, deported felon. *See United States v. Shaw,* 26 F.3d 700, 702 (7th Cir.1994) (holding that equitable estoppel required a showing of detrimental reliance and that no such reliance had been established); *United States v. Troncoso,* 23 F.3d 612, 615 (1st Cir.1994), *cert. denied,* --- U.S. ----, 115 S.Ct. 912, 130 L.Ed.2d 793 (1995) (holding same). Even if he were able to present evidence tending to prove that he risked reentry only because of his belief that the maximum sentence he would face would be two years, it is unlikely that this type of reliance is a reasonable basis on which to invoke the principle of equitable estoppel. *See United States v. Perez-Torres,* 15 F.3d 403, 407 (5th Cir.) (stating that "the willful and knowing commission of a felony" does not constitute reasonable reliance for the purposes of equitable estoppel), *cert. denied,* --- U.S. ----, 115 S.Ct. 125, 130 L.Ed.2d 69 (1994). We agree with our sister circuits and hold that equitable estoppel is not a basis for challenging a sentence imposed in excess of the two-year maximum erroneously stated on INS Form I-294.

AFFIRMED.

---

provides that an alien who returns to the United States after being deported for the commission of an aggravated felony faces up to 15 years' imprisonment. *United States v. Denis-Lamarchez,* 64 F.3d 597, 598 (11th Cir.1995). This Circuit has also rejected Thomas' argument that the Government's misstatement in INS Form I-294 is the type of circumstance justifying a downward departure. *United States v. Gomez-Villa,* 59 F.3d 1199, 1202-03 (11th Cir.1995).