**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 95-5837

JOAGUIN MARTINEZ, a/k/a Joaquin
Martinez-Lopez,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Chief District Judge.
(CR-95-262)

Submitted: July 23, 1996

Decided: August 5, 1996

Before WIDENER, NIEMEYER, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

David B. Smith, ENGLISH & SMITH, Alexandria, Virginia, for
Appellant. Helen F. Fahey, United States Attorney, Casey R. Triggs,
Special Assistant United States Attorney, Alexandria, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Joaquin Martinez was convicted of unauthorized reentry into the United States as a deported alien in violation of 8 U.S.C.A. § 1326 (West Supp. 1996). He was sentenced to seventy-seven months' imprisonment. Martinez appeals his sentence, contending that the sentence violated due process because the Immigration and Naturalization Service ("INS") knowingly misinformed him that the maximum sentence he could receive upon illegal reentry was two years. Martinez also asserts that the government should be equitably estopped from imposing a sentence greater than two years. We affirm.

Martinez, a Honduran citizen, immigrated to the United States in 1972. In June 1983, Martinez was convicted of cocaine distribution. Upon his conviction, the INS deported him to Honduras in 1986. Martinez reentered the United States in December 1987 and was subsequently convicted of unlawfully reentering the United States in December 1988. He was again deported in April 1990. Prior to his deportation, the INS served Martinez with an INS Form I-294 informing him that any deported person who returns without permission is guilty of a felony, and if convicted may be punished by imprisonment of not more than two years and/or a fine of not more than $1000.* The form expressly cited § 1326.

_____

*The INS form sent to Martinez was not revised to reflect the changes in § 1326 which occurred in November 1988. The 1988 amendment to § 1326 added § 1326(b), which enhanced penalties for defendants who were previously convicted of a felony and then reentered the United States without permission. Consequently, at the time Martinez received the INS form, he was subject to § 1326(b)(2), which provided that an alien who reenters the United States whose deportation was subsequent to a conviction of an aggravated felony shall be imprisoned not more than fifteen years. Section (b)(2) was amended again in 1994 to permit imprisonment for not more than twenty years.

2

Martinez was arrested in Fairfax County, Virginia, in May 1995 for once again illegally reentering the United States. Martinez pled guilty, and at his sentencing hearing, he argued that he should be sentenced at the low end of the Sentencing Guidelines because Form I-294 reflected that he was subject to a maximum of only twenty-four months imprisonment if he returned to the United States.

Martinez first asserts that his sentence violates due process because the INS took affirmative steps to mislead him into believing that the penalty was much lower than provided in the statute. We review de novo the district court's application of constitutional standards to Martinez's claims. United States v. Perez-Torres , 15 F.3d 403, 406 (5th Cir. 1994), cert. denied, ___ U.S. ___, 63 U.S.L.W. 3260 (U.S. Oct. 3, 1994) (No. 93-9301).

Due process requires that a defendant receive fair warning as to what conduct the government intended to make criminal. See United States v. Pennsylvania Indus. Chem. Corp., 411 U.S. 655, 674 (1973). It also mandates that the punishment authorized for violation of a criminal statute be clearly defined in the statute itself. See United States v. Batchelder, 442 U.S. 114, 121-23 (1979).

Due process was satisfied in this case, because Martinez was expressly and correctly informed on Form I-294 that reentry without permission was a felony. In addition, § 1326, which was cited on Form I-294, clearly and unambiguously articulated the penalties associated with a reentry offense. Thus, the inaccuracy of Form I-294 regarding the possible sentence is irrelevant to the requirements of due process. See United States v. Shaw, 26 F.3d 700, 701 (7th Cir. 1994) (rejecting similar due process claim); Perez-Torres, 15 F.3d at 406-07 (same).

Next, Martinez claims that the government should be equitably estopped from imposing a longer sentence than the sentence referred to in Form I-294. This court's decision in United States v. Agubata, 60 F.3d 1081 (4th Cir. 1995), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3558 (U.S. Feb. 20, 1996) (No. 95-6254), is controlling. In Agubata, we held that the government is not equitably estopped from imposing a longer sentence because the government's failure to amend Form

3

I-294 does not amount to affirmative misconduct. Id. at 1083-84. We decline Martinez's invitation to reconsider Agubata.

Accordingly, we affirm Martinez's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4