United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 96-3157

_____

United States of America,              *
                                        *

        Appellee,             *
                                        *

        v.                    *   Appeal from the United States
                                      *   District Court for the

Salvador Maravilla Andrade, also   *   District of Nebraska.
known as Luis M. Godoy, also known  *
as Salvador Andrade, also known as  *     [UNPUBLISHED]
Luis Andrade-Godinez,             *
                                        *

        Appellant.            *

_____

Submitted:  June 6, 1997
Filed:  June 13, 1997

_____

Before BEAM, MAGILL, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Salvador Maravilla Andrade pleaded guilty to illegally reentering the United States after being previously arrested and deported, in violation of 8 U.S.C. § 1326. At sentencing, the district court[1] enhanced Andrade's base offense level by sixteen levels under U.S. Sentencing Guidelines Manual § 2L1.2(b)(2) (1995) because Andrade had been deported following an "aggravated felony conviction," namely, an Oregon felony conviction for delivering cocaine. The court ultimately sentenced

_____

[1]The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska.

Andrade to 46 months imprisonment and two years supervised release, and he appeals his conviction and sentence. After the appeal was filed, counsel submitted a brief under Anders v. California, 386 U.S. 738 (1967). We granted Andrade leave to file a pro se supplemental brief, but he has not done so. We affirm.

Counsel first argues that the government should be estopped from claiming it "found" Andrade in the United States after he was deported--as alleged in the indictment--because Andrade sought permission to remain in the United States after he illegally reentered the country. Assuming this claim survived Andrade's guilty plea, see United States v. Vaughan, 13 F.3d 1186, 1187-88 (8th Cir.), cert. denied, 511 U.S. 1094 (1994), his alleged effort to legalize his presence here cannot estop the government from prosecuting him for illegally reentering the country in the first place, see United States v. Agubata, 60 F.3d 1081, 1083 (4th Cir. 1995) (discussing equitable estoppel), cert. denied, 116 S. Ct. 929 (1996). We reject Andrade's additional suggestion that his incarceration within this country's borders at the time he was discovered estops the government from claiming it "found" him. See United States v. Ortiz-Villegas, 49 F.3d 1435, 1437 (9th Cir.), cert. denied, 116 S. Ct. 134 (1995).

Next, counsel argues that Andrade's 46-month sentence violates fundamental fairness and due process, because it exceeds the potential penalty for illegal reentry that was noted on the Immigration and Naturalization Service Form I-294 Andrade received when he was previously deported. This argument also fails. See United States v. Denis-LaMarchez, 64 F.3d 597, 598 (11th Cir. 1995) (per curiam) (because INS Form I-294 is not criminal statute, sentencing in excess of two-year maximum erroneously stated on form does not violate due process or fundamental unfairness), cert. denied, 116 S. Ct. 799 (1996).

Finally, counsel challenges the aggravated-felony enhancement Andrade received, noting that Andrade now insists his Oregon conviction was for mere possession of a controlled substance. As Andrade failed to raise this challenge below, we review it only for plain error, see United States v. Fritsch, 891 F.2d 667, 668 (8th Cir. 1989), and find none, see U.S. Sentencing Guidelines Manual § 2L1.2, comment. (n.7) (1995).

Upon reviewing the record in accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues for appeal.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.