**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

**JUL 24 1997**

TENTH CIRCUIT

**PATRICK FISHER**
**Clerk**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

SERGIO LOPEZ-SERRATO, aka
Alfonso Beltran-Sanchez,

Defendant-Appellant.

No. 97-4017
(D.C. No. 96-CR-109)
(D. Utah)

ORDER AND JUDGMENT[*]

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  Therefore, the case is ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Sergio Lopez-Serrato appeals the district court's denial of his motion to dismiss an indictment charging him with reentry after deportation subsequent to conviction of an aggravated felony, contrary to 8 U.S.C. § 1326. We affirm.

I.

Defendant has been deported from the United States under various names on four occasions since 1992. He was deported most recently on March 22, 1995, following conviction of an aggravated felony as defined in the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)--possession of marijuana for sale in California. It is the policy of Immigration and Naturalization Service to serve INS Form I-294 on all deportees, advising them of the requirement to obtain permission before reentry and of penalties faced upon reentry without permission. Although defendant received the form at his three prior deportations, he did not receive the form in connection with his most recent deportation. Defendant was found in the United States in January 1996 and was indicted for violation of 8 U.S.C. § 1326.

Defendant moved for dismissal of the indictment, arguing INS's failure to serve him with the I-294 form violated his right to due process of law. He argued that he would not have reentered the United States if he had been informed of the penalty he would face. Defendant entered a conditional plea of guilty, reserving

the right to pursue his motion to dismiss.  The magistrate judge recommended that the motion to dismiss be denied.  Defendant did not file an objection to the magistrate's recommendation, but rather appeals from that recommendation.

## II.

Failure to object to a magistrate's recommendation amounts to waiver of the right to appeal the magistrate's ruling.  E.g., Ayala v. United States, 980 F.2d 1342, 1352 (10th Cir. 1992).  Nevertheless, when we address defendant's arguments on the merits, we affirm.

We review a ruling on a motion to dismiss an indictment for abuse of discretion.  United States v. Lacey, 86 F.3d 956, 971 (10th Cir.), cert. denied 117 S. Ct. 331 (1996).  Outside the context of entrapment, dismissal of charges on due process grounds generally requires "outrageous governmental conduct," which is typically found, if at all, only when the government creates the crime or exercises substantial coercion.  See, e.g., United States v. Sneed, 34 F.3d 1570, 1577 (10th Cir. 1994).  Defendant does not allege the government either created the crime or exercised substantial coercion.  Instead, his argument concerns only INS's failure to give him an I-294 form in connection with his most recent deportation.

Defendant concedes the government is not required to inform a deportee of possible penalties upon reentry.  See United States v. Meraz-Valeta, 26 F.3d 992 (10th Cir. 1994).  He also concedes that even when the government provides false

information in an I-294 form, it does not violate due process.  His sole argument is that "once the INS undertook to impart actual knowledge of the terms of incarceration and the time limits for re-entry prescribed by section 1326, it had the obligation to do so . . . with reasonable care and to inform all deportees." Appellant's rely br. at 4.  Defendant argues INS's failure to give him the form, which INS serves on all deportees by policy, violates a due process requirement of equal treatment.

Due process "expresses the requirement of 'fundamental fairness,'" Lassiter v. Department of Social Services of Durham County, 452 U.S. 18, 24 (1981), and is violated only by conduct which "violates those 'fundamental conceptions of justice which lie at the base of our civil and political institutions,' and which define 'the community's sense of fair play and decency,'" United States v. Lovasco, 431 U.S. 783, 790 (1977) (internal citations omitted).  It requires no extended argument to establish that INS does not deviate from fundamental conceptions of justice when it neglects to provide a form to a deportee which he or she has no right to receive and which would advise the deportee (incorrectly as the form stated the penalty could be imprisonment up to fifteen years when the maximum penalty at the time of defendant's deportation was twenty years) what he or she is deemed to already know from the criminal statute itself.  See, e.g., United States v. Denis-Lamarchez, 64 F.3d 597 (11th Cir. 1995), cert. denied 116

-4-

S.Ct. 799 (1996).  Even if we were to accept defendant's argument that INS's failure to deliver a form that it chose to deliver to all deportees was fundamentally unfair, "the fact remains that '[t]he limitations of the Due Process Clause . . . come into play only when the Government activity in question violates some protected right of the defendant.'"  United States v. Payner, 447 U.S. 727, 737 n.9 (1980) (internal citation omitted).  "No one has the right to commit a crime, even if misled by the government as to its enforcement methods."  United States v. Leahey, 434 F.2d 7, 11 (1st Cir. 1970).

Moreover, defendant argues the motion to dismiss should have been granted because INS "*acted negligently* in not informing the defendant and the result violated the defendant's due process rights and fundamental principles of fairness."  Appellant's reply br. at 4-5 (emphasis added).  "[T]he Due Process Clause is simply not implicated" by negligent acts.  Daniels v. Williams, 474 U.S. 327, 328 (1986); see also Davidson v. Cannon, 474 U.S. 344, 347 (1986); Seamons v. Snow, 84 F.3d 1226, 1234 (10th Cir. 1996) (more than negligence required to trigger due process protections); Archie v. City of Racine, 847 F.2d 1211, 1219-20 (7th Cir. 1988) (same), cert. denied 489 U.S. 1065 (1989); Tallman v. Reagan, 846 F.2d 494, 495 (8th Cir. 1988) (same).

Defendant argues this case should be controlled by decisions which suppressed evidence obtained by Internal Revenue Service agents who did not

follow a publicized IRS policy to give taxpayers a *Miranda*-like warning after preliminary inquiries.  See Leahey, 434 F.2d 7; United Stated v. Heffner, 420 F.2d 809 (4th Cir. 1969).  These cases are distinguishable because, *inter alia*, the evidence does not show the INS policy of distributing the I-294 form was designed for protection of deportees (rather than deterrence of reentry) nor deliberately publicized to induce reasonable reliance.  Cf. Leahey, 434 F.2d at 11 (agencies do not automatically violate due process when they fail to adhere to their procedures); United States v. Lockyer, 448 F.2d 417, 421 (10th Cir. 1971) (Leahey does not apply to rule not published as definition of taxpayers' rights).  Indeed, defendant acknowledges "one of the purposes of the I-294 form is deterrence."  Appellant's br. at 12.  In addition, these cases do not apply to negligent agency oversights.  See Clemente v. United States, 567 F.2d 1140, 1146 n. 9 (1st Cir. 1977), cert. denied 435 U.S. 1006 (1978).

III.

AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge