F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**JAN 8 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RICARDO RODRIGUEZ-OROZCO,
aka Ricardo Rodriguez-Orosco;
aka Ricardo Rodriguez-Catalan;
aka Ricardo Rodriguez-Aguila;
aka Richard Velasquez;
aka Jose Rodriguez;
aka Ricardo Flores-Aguila,

Defendant-Appellant.

No. 97-4049
(D.C. No. 95-CR-81-W)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY**, **BARRETT**, and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Defendant Ricardo Rodriguez-Orozco pled guilty to a charge of illegal reentry into the United States by a deported alien following conviction of an aggravated felony in violation of 8 U.S.C. § 1326.[1]  He entered his plea pursuant to Fed. R. Crim. P. 11(a)(2) reserving his right to appeal the court's denial of his motion to dismiss the indictment on double jeopardy grounds.  The court sentenced Mr. Rodriguez-Orozco to seventy-seven months' imprisonment and thirty-six months' supervised release.

Mr. Rodriguez-Orozco was initially deported in 1988, after he was convicted in state court of two counts of unlawful distribution of a controlled substance.  In 1991, he entered a guilty plea to a charge of illegal reentry after deportation.  In 1993, he was again deported.  He was then found to be unlawfully in Salt Lake City in 1994.  The court denied Mr. Rodriguez-Orozco's motion to dismiss the indictment charging him with illegal reentry on the grounds of double jeopardy.  At sentencing on this latest illegal reentry charge, the district court increased his offense level four levels based on the 1988 convictions.

---

[1]    Section 1326 addresses the criminal penalties to be imposed on certain aliens who have illegally reentered the United States after deportation.  Aliens, such as Mr. Rodriguez-Orozco who was deported following his convictions for aggravated felonies, shall be fined or imprisoned not more than 20 years, or both.  See id. § 1326(b)(2).

In his motion to dismiss, Mr. Rodriguez-Orozco argued that he could not be charged under § 1326 because to do so would punish him again for the 1988 aggravated felony convictions and violate double jeopardy. Mr. Rodriguez-Orozco urges us not to follow our case of United States v. Valdez, 103 F.3d 95 (10th Cir. 1996), which held that § 1326 was a sentence enhancement provision and not a separate criminal offense, but rather to follow the Ninth Circuit's case of United States v. Campos-Martinez, 976 F.2d 589 (9th Cir. 1992). We decline to do so. "We cannot overrule the judgment of another panel of this court. We are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court." In re Smith, 10 F.3d 723, 724 (10th Cir. 1993) (citations omitted).

In *Valdez*, we held that 8 U.S.C. § 1326(b) was a penalty enhancement provision. See id. 103 F.3d at 96. We specifically declined to follow *Campos-Martinez*. See id.; see also United States v. Valenzuela-Escalante, No. 96-4147, 1997 WL 751586, at *4 (10th Cir. Dec. 5, 1997). Because § 1326(b) is an enhancement provision, double jeopardy concerns are not implicated. Cf. United States v. Hawley, 93 F.3d 682, 688 (10th Cir. 1996) (two-level enhancement for failure to appear is not punishment for purposes of double jeopardy).

> Recidivist sentencing has been part of the criminal
> justice system since the founding of the nation, and it

has been sustained against all manner of double jeopardy claims. The essential point is simple: a sentence enhanced by reference to a prior conviction is not a "second punishment" for the first crime. It is a punishment for the new crime, tailored to the offender's circumstances in light of knowledge that higher penalties are needed to deter persons who have not responded to lesser sanctions. [Defendant]'s observation that the sentence depends in part on the evidence that led to his prior conviction is irrelevant . . . .

United States v. Shaw, 26 F.3d 700, 701 (7th Cir. 1994) (citations omitted).

The judgment of the United States District Court for the District of Utah is AFFIRMED.

Entered for the Court

James E. Barrett
Senior Circuit Judge