**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 1 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

RAUL MARTINEZ-FLORES, also know
as Fernando Mendez-Rosas, also know as
Jacobo Mendez-Ignacio, also know as
Jacobo Mendez, also know as Francisco
Tovar Santiago,

     Defendant - Appellant.

No. 98-4038
(D.C. No. 97-CR-266-J)
(District of Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **HENRY**, and **KELLY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Martinez-Flores entered a conditional plea of guilty to a charge of unlawful reentry of a deported alien in violation of 8 U.S.C. § 1326. On appeal he contests sentencing enhancements made by the district court arising out of former state court felony drug convictions. Our examination of the record leads us to conclude the enhancements did not violate the Constitution; therefore, we affirm.

The two convictions upon which enhancement was based were for delivery of a controlled substance and possession with intent to deliver a controlled substance in the State of Washington plus distribution of a controlled substance in the State of Oregon. Defendant was deported after those convictions.

Without supporting authority, Mr. Martinez-Flores first argues the use of the prior convictions to enhance his base level and criminal history under the Sentencing Guidelines constitutes violation of the double jeopardy clause. We have held to the contrary. The predicate offenses under § 1326 are sentencing enhancements, not separate criminal offenses. *United States v. Valdez,* 103 F.3d 95 (10th Cir. 1996); *Rodriguiz-Orozco*, 1998 WL 4323 (10th Cir.)(unpublished).

Defendant next maintains when he committed the crimes upon which the enhancements were based, those offenses were not included in the guidelines as "aggravated felon[ies]" within the intent of 8 U.S.C. § 1101(a)(43); therefore, the enhancements based on those offenses violated the Ex Post Facto Clause. He asserts that when he was originally convicted, "criminal consequences of an illegal reentry were

- 2 -

relatively minor." He contends the penalty at the time of sentencing, however, was "about ten times as great" as it was at the time of these convictions. From this premise, he postulates his sentence in this case resulted in an unconstitutional retroactive punishment. Again, he cites no supporting authority for his claim.

The argument is meritless. Indeed, we have more than once held to the contrary. ***United States v. Aranda-Hernandez***, 95 F.3d 977, 983 (10th Cir. 1996). **AFFIRMED**.

                    ENTERED FOR THE COURT


                    John C. Porfilio
                    Circuit Judge