**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 13 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ROGELIO SALDANA-HERNANDEZ
aka Luis Hernandez-Garcia,

    Defendant-Appellant.

No. 99-2050

(D.C. No. CR-98-173-MV)

(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **BALDOCK**, and **HENRY**, Circuit Judges.[**]

Defendant Rogelio Saldana-Hernandez was charged in a one-count indictment

with illegal reentry of a deported alien in violation of 8 U.S.C. 1326(a)(1), (2) & (b)(2).

Defendant pled guilty and the district court sentenced him to 77 months imprisonment.

Defendant appeals claiming the district court erred by (1) using prior convictions to

enhance Defendant's base offense level and criminal history category under the

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(A)(2). The case is therefore ordered submitted without oral argument.

sentencing guidelines; and (2) failing to consider Defendant's collateral attack on those prior convictions at sentencing. Counsel for Defendant has filed an Anders brief and requested to withdraw for the reason that Defendant's appeal is frivolous. See Anders v. California, 386 U.S. 738 (1967).

The arguments Defendant raises in his response to counsel's Anders brief are foreclosed by prior authority. We have previously held that the use of prior convictions to enhance a defendant's base offense level and criminal history category under the sentencing guidelines in itself does not violate the Constitution. See, e.g., United States v. Martinez-Flores, 1998 WL 826837 at *1 (10th Cir. 1998) (unpublished). We have also held that with the sole exception of convictions obtained in violation of the right to counsel, a defendant in a federal sentencing proceeding has no right to collaterally attack the validity of previous convictions used to enhance his sentence. See, e.g., United States v. Simpson, 94 F.3d 1373, 1382-83 (10th Cir. 1996).

Finding no meritorious issues for appeal, we ALLOW defense counsel's motion to withdraw and AFFIRM the district court's judgment.

Entered for the Court,


Bobby R. Baldock
Circuit Judge

2