**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Pedro GARCIA–PEREZ, Defendant–Appellant.**

**No. 00–5971.**

United States Court of Appeals,
Sixth Circuit.

Feb. 27, 2002.

Before MOORE and COLE, Circuit Judges; O'MEARA, District Judge.[*]

## OPINION

COLE, JR., Circuit Judge.

This is an appeal from judgment in an illegal reentry case. Pedro Garcia–Perez[1] pleaded guilty on March 3, 2000, to one count of illegal reentry, a violation of 8 U.S.C. § 1326. On July 14, 2000, Judge Henry R. Wilhoit, Jr. of the United States District Court for the Eastern District of Kentucky sentenced Garcia–Perez to thirty months imprisonment, three years of supervised release, and a special assessment of $100. Judge Wilhoit enhanced the sentence under the U.S. SENTENCING GUIDELINES MANUAL § 2L1.2 (1998) for Garcia–Perez's prior conviction for a drug-trafficking felony, but departed downward to account for the overrepresen-

tation of Garcia–Perez's actual criminal history by the Guideline categories.

Garcia–Perez now appeals the judgment, alleging that the enhancement provisions for a prior felony under 8 U.S.C. § 1326(b)(2) and U.S.S.G. § 2L1.2 violate the Double Jeopardy Clause. *See* U.S. CONST, amend. V. Because we find no double jeopardy violation in this case, we **AFFIRM** the judgment of the district court.

## BACKGROUND

Defendant–Appellant Garcia–Perez is a Mexican national with a history of entering this country illegally. The first time was in 1976 when, as a youth, he accompanied his family for a brief three-year stay. The second time was in 1982, when, after entry, he drifted from state to state, worked in farming and construction, and eventually settled in the State of Washington. In 1992, Garcia–Perez was convicted in Washington's King County Superior Court for cocaine possession and was subsequently deported to Mexico. Shortly thereafter, Garcia–Perez entered the country illicitly for a third time and returned to the streets of Washington. In 1993, he was again convicted in King County Superior Court, this time for distribution of one gram of cocaine, and again deported to Mexico. Garcia–Perez entered the country unlawfully yet a fourth time sometime in 1995 and moved to Kentucky. While there, he amassed several arrests for various petty offenses until a federal grand jury charged him with illegal reentry. Defendant pleaded guilty to the charge on March 3, 2000. In his sentencing memorandum, Garcia–Perez asserted that his 1993 conviction for distributing cocaine should not be considered an "aggravated felony" warranting a

---

[*] The Honorable John Corbett O'Meara, United States District Judge for the Eastern District of Michigan, sitting by designation.

1. Garcia–Perez is also identified in the record as "Jose Astorga."

**712**

sixteen-level increase in his sentence. Defendant also argued that applying the Guidelines to enhance his sentence based upon the prior felony subjected him to impermissible double counting, violative of the Double Jeopardy Clause. The government filed a memorandum in response, which noted that Defendant conceded that all the case law on the double jeopardy issue favors the government. Judge Wilhoit sentenced Garcia–Perez on July 14, 2000, and this timely appeal follows.

## DISCUSSION

### STANDARD OF REVIEW

Garcia–Perez preserved his double jeopardy objection in both the sentencing memorandum and during the hearing. We therefore review this double jeopardy claim *de novo. United States v. Ursery*, 59 F.3d 568, 570 (6th Cir.1995), *rev'd on other grounds*, 518 U.S. 267, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996).

### DOUBLE JEOPARDY

The Double Jeopardy Clause guarantees that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. The clause is designed to protect "against successive prosecutions for the same offense after acquittal or conviction and against multiple criminal punishments for the same offense." *Monge v. California*, 524 U.S. 721, 727, 118 S.Ct. 2246, 141 L.Ed.2d 615 (1998). The Supreme Court has held that increased punishment for new offenses based on previous offenses does not run afoul of the Double Jeopardy Clause. *See id.* at 728.

In this case, Garcia–Perez was convicted under 8 U.S.C. § 1326(b)(2), which states that "[c]riminal penalties for reentry of

[previously deported aliens] whose removal was subsequent to a conviction for commission of an aggravated felony ... shall be fined under ... [Title 18], imprisoned not more than 20 years, or both." The sentence enhancement is authorized by U.S.S.G. § 2L1.2(b)(1)(A) and specifies a sixteen-level enhancement from a base level of eight for reentry of an alien with a previous conviction for an aggravated felony.[2]

This court has addressed nearly identical issues as the present case in two unpublished decisions; there, we held that § 1326(b)(2) and the sixteen-level enhancement under § 2L2.1(b)(1)(A) do not violate the Double Jeopardy Clause. *United States v. Gutierrez–Hernandez*, 194 F.3d 1314 at 1314 (6th Cir.1999); *United States v. Reza–Bautista*, 191 F.3d 454 at 454 (6th Cir.1999). The Seventh Circuit is in accord. *United States v. Shaw*, 26 F.3d 700, 701 (7th Cir.1994).

In response to this phalanx of authority, Garcia–Perez concedes the opposing case law and "simply asserts the contrary." Def.-Appellant's Br. at 6–7. Defendant's candor may be admirable, but it is not an argument. We see no reason why we should depart from the binding and persuasive authority of prior cases, and Defendant has offered us none.

## CONCLUSION

For the foregoing reasons, the district court judgment is **AFFIRMED**.

---

**2.** An aggravated felony, according to the Guideline application notes, is defined at 8 U.S.C. § 1101(a)(43). U.S.S.G. § 2L1.2, cmt.

n. 1 Among the felonies listed in § 1101 is "illicit trafficking in a controlled substance." 8 U.S.C. § 1101(a)(43)(B).