**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Arnulfo MORA–OLIVARES,
Defendant–Appellant.**

**No. 02–4063.**

United States Court of Appeals,
Sixth Circuit.

July 8, 2003.

Before BOGGS and GILMAN, Circuit Judges; and MARBLEY, District Judge.*

*ORDER*

Arnulfo Mora–Olivares pleaded guilty to illegally reentering the United States after a previous deportation, a violation of 8 U.S.C. § 1326(b)(2). The district court added sixteen levels to Mora–Olivares's offense level and three points to his criminal history score because he had been deported after committing an aggravated assault. On September 3, 2002, the court sentenced him to a term of fifty-seven months of imprisonment and two years of supervised release. It is from this judgment that Mora–Olivares now appeals. The parties have waived oral argument, and the panel unanimously agrees that it is not needed in this case. Fed. R.App. P. 34(a).

We review the sentencing court's legal conclusions *de novo,* while examining its

---

* The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio sitting by designation.

factual findings for clear error. *United States v. Henderson*, 209 F.3d 614, 617 (6th Cir.2000).

Mora–Olivares argues that the district court erred by adding three points to his criminal history score based on his 1991 state conviction for aggravated assault. He first argues that his 1991 conviction did not count as a "prior sentence" within the meaning of USSG § 4A1.2(a)(1) because it was an element of his current offense. This argument fails, as it is now clear that the existence of a prior aggravated felony is merely a sentencing factor under § 1326(b)(2), rather than an element of the offense. *See Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998); *United States v. Aparco–Centeno*, 280 F.3d 1084, 1088–90 (6th Cir.), *cert. denied*, 536 U.S. 948, 122 S.Ct. 2638, 153 L.Ed.2d 818 (2002).

Mora–Olivares also argues that he was subjected to impermissible double counting because his aggravated assault conviction was used to add three points to his criminal history score and also to add sixteen levels to his total offense level under USSG § 2L1.2(b)(1)(A). A similar argument was recently rejected by our court in *United States v. Crace*, 207 F.3d 833 (6th Cir.2000).

> We disagree with the defendant's contention that the district court engaged in double counting.... In *United States v. Campbell*, 967 F.2d 20, 25 (2d Cir. 1992), the Second Circuit found that the use of a defendant's prior conviction for an aggravated felony in defining the instant offense and in calculating the defendant's criminal history was not impermissible double counting. The *Campbell* Court noted that it may be appropriate to count a single factor both in assessing the defendant's criminal history category and in calculating the applicable offense level since the two measure different things. The offense level represents a judgment as to the wrongfulness of the particular act. The criminal history category principally estimates the likelihood of recidivism. *Id.* at 24 (internal citations omitted). The Second Circuit noted that the statute under which the defendant was convicted, 8 U.S.C. § 1326, provided for an increased maximum sentence when the defendant had been convicted of an aggravated felony, as opposed to a simple felony. The court stated that this indicated Congress' conclusion that the defendant's prior commission of an aggravated felony was relevant to measuring the severity of the instant offense. *Id.* Other circuits also have addressed the use of a defendant's prior felony conviction in calculating both the offense level and the criminal history and found this dual use permissible.

> We find the rationales of these courts persuasive and hold that the district court did not engage in impermissible double counting.

*Id.* at 838 (citations omitted). Mora–Olivares's second argument is unavailing in light of our court's adoption of the Second Circuit's reasoning in *Campbell*. *See id.* Indeed, a panel of our court has already rejected a similar double-counting claim that was based on the defendant's conviction under § 1326. *United States v. Garcia–Perez*, 41 Fed.Appx. 710 (6th Cir.2002) (unpublished).

Accordingly, the district court's judgment is affirmed.