BOEHM, Justice,
dissenting.
I respectfully dissent Whatley was convicted of possession of 3.24 grams of cocaine. The penalty for this crime was enhanced from a C felony carrying a maximum sentence of eight years to an A felony with a maximum penalty of fifty years due to the proximity of Whatley's home to Robinson Community Church. The statute here provides for this dramatic enhancement of a sentence if the possession occurs:
(A) on a school bus; or
(B) in, on, or within one thousand (1,000) feet of:
(i) school property;
(Ii) a public park;
*209 (iii) a family housing complex; or
(iv) a youth program center.
Ind.Code § 85-48-4-6. Notably, this short list does not include "church," "place of worship" or other terms that might much more plainly include Robinson Community Church. Nor is there anything in this record indicating that the exterior of the Church revealed the nature or regularity of its youth programs.
I agree with the majority that the statutory definition of "youth program center" as a structure "that on a regular basis provides ... programs or services" for people under age eighteen turns only on the activities "provided" by the structure. 1.C. § 85-41-1-29. But in my view that definition must be confined to comply with basic principles of due process of law. Due process requires that a criminal statute give everyone reasonable notice of what is prohibited. Healthscript, Inc. v. State, 770 N.E.2d 810, 813 (Ind.2002). It also requires notice of the consequences of violation so the facts warranting the enhanced penalty at issue here are equally subject to the requirement of fair notice. United States v. Batchelder, 442 U.S. 114, 123, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979); Coleman v. Ryan, 196 F.3d 793, 797 (7th Cir.1999) (" '[Tlhe notice requirements of the Due Process Clause' require that a criminal law 'clearly define the conduct prohibited as well as 'the punishment authorized.' A statute is constitutionally defective if it 'do[es] not state with sufficient clarity the consequences of violating a given criminal statute.'" (quoting Batchelder, 442 U.S. at 123, 99 S.Ct. 2198)); United States v. Samaniego-Rodriguez, 32 F.3d 242, 244 (7th Cir.1994) ("The fair notice requirement of the Due Process Clause is satisfied if the criminal statute clearly defines the conduct prohibited and the punishments authorized.").
I agree with the majority that there are many buildings that are easily identified as housing "regular ... programs or services" for persons under age eighteen. But the statute under the majority's rationale here looks only to the activities conducted in the structure to determine whether it is a youth program center, and not to whether a casual observer could readily discern that the structure provides those services. This reasoning would make a youth program center of every residence housing a Cub Seout weekly meeting. Any other building could become a "youth program center" regardless of its appearance or signage. I would confine the term as the legislature has written it to those structures identifiable from their appearance as likely to house youth programs. These would include Boys and Girls Clubs, YMCAs, YWCAs, sports facilities and the like, but not structures principally identified with other activities, at least without some external signage or other clear indication that the structure houses regularly conducted youth programs.
The State makes no claim that the strue-ture here was readily identifiable as a youth program center. Rather, the State argues that this enhancement applies irrespective of the appearance of the structure. Because I disagree, I believe the Court of Appeals correctly held that the enhanced sentence should be set aside.
RUCKER, J., concurs.