UNITED STATES of America,
Plaintiff–Appellant,

v.

Jose Angel SANCHEZ–MONTOYA,
Defendant–Appellee.

No. 93–50711.

United States Court of Appeals,
Ninth Circuit.

Submitted July 18, 1994 *.

Decided July 26, 1994.

Warrington S. Parker, III, Asst. U.S. Atty., Los Angeles, CA, for plaintiff-appellant.

Sean K. Kennedy, Deputy Federal Public Defender, Los Angeles, CA, for defendant-appellee.

Before: FARRIS, KOZINSKI, and NOONAN, Circuit Judges.

PER CURIAM.

PER CURIAM:

The United States appeals the 24–month sentence imposed on Jose Angel Sanchez–Montoya following his conditional guilty plea to being found in the United States after having been deported following an aggravated felony conviction, in violation of 8 U.S.C. § 1326(b)(2). Although the applicable Guidelines range is 57 to 71 months, the district court limited Sanchez–Montoya's sentence to two years because the Immigration and Naturalization Service (INS) incorrectly informed Sanchez–Montoya before deporting him that two years was the maximum prison term he faced for illegal reentry.[1] We have jurisdiction under 18 U.S.C. § 3742(b). We vacate the sentence and remand for resentencing.

Effective November 18, 1988, the maximum penalty for violating section 1326 was increased from two to fifteen years. For over three years, however, the INS continued to give deportees a form letter warning them that they faced a maximum of two years' imprisonment for illegal reentry. (The INS corrected the outdated "Form I–294" in June 1992.) The district court was unwilling to impose a sentence in excess of

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

1. *United States v. Sanchez–Montoya,* 834 F.Supp. 315 (C.D.Cal.1993).

two years on a defendant who had been misinformed in this manner by the INS:

> This Court refuses to impose a sentence that grossly exceeds that which the government specifically represented to the non-citizen Defendant—and countless others—as the maximum penalty he faced upon illegal re-entry to the United States. Imposing a term of incarceration in excess of two years would be to sanction an indefensible and inexcusable example of misinformation disseminated by the United States, and would expose this defendant and others to a potential deprivation of liberty lasting seven and a half times longer than that which the government represented as the maximum term.

As an alternative ground for the sentence, the district court determined that a downward departure was warranted in light of the INS's misrepresentation.

We recently addressed the issues presented by this appeal in *United States v. Ullyses–Salazar*, 28 F.3d 932 (9th Cir.1994). In that case, we concluded that neither due process nor principles of equitable estoppel precludes imposing a prison term exceeding two years for illegal reentry on a defendant who had been advised erroneously by the INS before deportation that the maximum penalty for that offense was two years. *See id.*, at 936 – 937. We also concluded that such circumstances do not constitute a valid basis for a downward departure. *Id.* at 938. Accordingly, the district court erred by limiting Sanchez–Montoya's sentence to two years.

We VACATE the sentence and REMAND for resentencing in accordance with this opinion.