52 F.3d 331
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Jesus Manuel RIVERA-GONZALEZ, Appellant.
 No. 94-3089NE.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Feb. 14, 1995.
Filed: Apr. 24, 1995.
 
 Before FAGG, MAGILL, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Jesus Manuel Rivera-Gonzalez pleaded guilty to reentry into the United States by an alien previously deported following an aggravated felony conviction, in violation of 8 U.S.C. Sec. 1326(b)(2) (1988). At sentencing, Rivera-Gonzalez argued he should receive a downward departure from the applicable sentencing guidelines range, because, in reentering the United States, he had relied on an Immigration and Naturalization Service (INS) form that misstated the penalty for his reentry. Rivera-Gonzalez also argued the use of his earlier aggravated felony conviction to increase both his offense level and his criminal history score was impermissible double counting. The district court rejected both arguments and sentenced Rivera-Gonzalez to forty-six months imprisonment. Rivera-Gonzalez appeals and we affirm.
 
 
 2
 Rivera-Gonzalez contends the district court should have granted his downward departure request because Rivera-Gonzalez's reliance on the erroneous INS form is a mitigating factor not adequately taken into consideration by the sentencing guidelines that warrants a downward departure. See 18 U.S.C. Sec. 3553(b) (1988); U.S.S.G. Sec. 5K2.0 (1993). Ordinarily, we may not review a district court's decision to deny a downward departure. United States v. Evidente, 894 F.2d 1000, 1004 (8th Cir.), cert. denied, 495 U.S. 922 (1990). Rivera-Gonzalez argues the district court's decision is reviewable because the court believed it did not have authority to grant a downward departure. See id. at 1005. We disagree with Rivera-Gonzalez's characterization of the district court's decision. In denying the departure, the district court accepted Rivera-Gonzalez's contention that the erroneous INS form was a factor the Sentencing Commission had not taken into account in drafting the guidelines, but decided a departure was not "warranted." The district court stated that because Rivera- Gonzalez knew his reentry was unlawful and was only misled about the penalty for his reentry, the court could not "realistically or properly depart." The district court's statements show the court was aware of its authority to depart under guideline Sec. 5K2.0, but that the court decided the facts of Rivera-Gonzalez's case did not warrant a departure. See United States v. Bieri, 21 F.3d 811, 817- 18 (8th Cir.), cert. denied, 115 S. Ct. 208 (1994). Thus, the district court's decision to deny the departure is not reviewable. Because the district court exercised its discretion to deny Rivera- Gonzalez a departure, we do not decide whether misinformation in an INS form could ever provide a basis for a downward departure under guideline Sec. 5K2.0. See United States v. Sanchez-Montoya, 30 F.3d 1168, 1169 (9th Cir. 1994), cert. denied, 63 U.S.L.W. 3689 (U.S. Mar. 20, 1995) (No. 94-6675); United States v. Smith, 14 F.3d 662, 666 (1st Cir. 1994).
 
 
 3
 Rivera-Gonzalez also contends the use of his aggravated felony conviction to increase his offense level, see U.S.S.G. Sec. 2L1.2(b)(2), and his criminal history score, see U.S.S.G. Sec. 4A1.1(a), is impermissible double counting. The sentencing guidelines, however, clearly intend that Rivera-Gonzalez's aggravated felony conviction increase both his offense level and criminal history score. See U.S.S.G. Sec. 2L1.2 n.5 (increase to offense level for earlier felony conviction "applies in addition to any criminal history points added for such conviction"). Thus, Rivera-Gonzalez's sentence is not the result of impermissible double counting. See United States v. Crawford, 18 F.3d 1173, 1179-80 (4th Cir.), cert. denied, 115 S. Ct. 171 (1994).
 
 
 4
 Accordingly, we affirm Rivera-Gonzalez's sentence.