UNITED STATES of America, Appellee,

v.

**Milton Efrain CRUZ–FLORES,**
**Defendant–Appellant.**

**No. 1320, Docket 94–1480.**

United States Court of Appeals,
Second Circuit.

Submitted May 10, 1995.

Decided June 5, 1995.

Robert McL. Boote, Philadelphia, PA (Ballard Spahr Andrews & Ingersoll, Philadelphia, PA, Lawrence L. Flynn, Gottesman, Wolgel, Secunda, Malamy & Flynn, New York City on the brief), for plaintiff-appellee.

I. Walton Bader, White Plains, NY (Bader & Bader, on the brief), for defendants-appellants.

Before: KEARSE, CALABRESI, and CABRANES, Circuit Judges.

Henriette D. Hoffman, New York City, The Legal Aid Society, Federal Defender Div. (Marjorie M. Smith, of counsel), for appellant.

Deborah N. Sorbini, Buffalo, NY, Asst. U.S. Atty., W.D.N.Y. (Patrick H. NeMoyer, U.S. Atty., W.D.N.Y., of counsel), for appellee.

Before: NEWMAN, Chief Judge, FEINBERG and PARKER, Circuit Judges.

FEINBERG, Circuit Judge:

Defendant Milton Efrain Cruz–Flores appeals from a sentence entered in August 1994 in the United States District Court for the Western District of New York, William M. Skretny, Judge. Cruz–Flores, a previously deported alien, pled guilty to reentering the United States without securing permission of the Attorney General, in violation of 8 U.S.C. § 1326(a). The district court sentenced Cruz–Flores to 60 months in prison to be followed by three years of supervised release and a mandatory special assessment of $50. Defendant is incarcerated.

Upon his previous deportation in April 1990 the Immigration and Naturalization Service (INS) presented Cruz–Flores with a document known as a Form I–294, which advised him that unlawful reentry within five years "may be punished by imprisonment of not more than two years...." However, the information contained in the Form I–294 was erroneous. In November 1988, an amendment to 8 U.S.C. § 1326 had come into effect, enhancing penalties for defendants who, like Cruz–Flores, have previously been convicted of a felony and then reenter the United States without the Attorney General's permission. See 8 U.S.C. § 1326(b)(1) & (2) (providing for sentence up to five years' imprisonment for previous felony offenders and up to 15 years' imprisonment if the prior conviction was for an aggravated felony). By April 1990, when Cruz–Flores was deported, Form I–294 had still not been revised to reflect the 1988 amendment.[1]

At sentencing, defendant argued that a downward departure from the Sentencing Guidelines was justified because of the government's error. The district court denied the departure. We affirm.

## I. Background

Defendant is a native and citizen of El Salvador. On April 19, 1990, he was deported to El Salvador and advised that he could return to the United States only with the permission of the Attorney General. He was

---

1. The form was not changed until June 1992, more than three years after the amendment went into effect. *United States v. Sanchez–Montoya,* 30 F.3d 1168 (9th Cir.1994) (per curiam), cert. denied, —— U.S. ——, 115 S.Ct. 1364, 131 L.Ed.2d 220 (1995).

also served with the erroneous Form I–294, stating that if he returned to the United States illegally, he would face up to two years of imprisonment. Prior to his 1990 deportation, he had been convicted in the United States on felony drug charges.

In July 1992, defendant was found present in the United States without the permission of the Attorney General. Following an unsuccessful attempt to gain refugee status in Canada, he was returned to the United States and arrested by INS agents in September 1992. Thereafter, defendant was charged with violating 8 U.S.C. § 1326(a), which governs reentry of deported aliens. The government notified defendant that it would seek an enhanced sentence under 8 U.S.C. § 1326(b) if he were convicted.

In August 1993, defendant pled guilty to the indictment. The plea agreement stated that defendant faced a potential sentence of up to 15 years of imprisonment if his legal argument for a maximum two-year sentence proved unsuccessful. According to the plea agreement and the presentence report, defendant's sentencing range under the Guidelines was 77–96 months, based on a criminal history category of VI and an offense level of 21.

Defendant was sentenced in August 1994. At sentencing, the government took the position that he should be sentenced to 60 months pursuant to 8 U.S.C. § 1326(b)(1). Prior to sentencing, defendant had moved for a downward departure based in part on a claim that in accordance with the Form I–294 he had received, his sentence could not exceed two years. Relying on the First Circuit's decision in United States v. Smith, 14 F.3d 662, 666 (1st Cir.1994), the district court denied defendant's motion and sentenced him to 60 months in prison. The district court stated that because defendant had made a purposeful decision to engage in felonious conduct, the court could not grant him the benefit of a downward departure simply because he misunderstood the penalties he would face.

This appeal followed. Cruz–Flores' counsel filed a motion in this court to be relieved pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

That motion was denied, and counsel has since filed a brief on behalf of defendant on the merits of this appeal.

## II. Discussion

■ Appellant argues that his five-year sentence amounts to a due process violation because he had received notice from the government that the maximum penalty he would face was two years. This is an issue of first impression in this circuit. We review the district court's application of constitutional due process standards de novo. United States v. McDavid, 41 F.3d 841, 843–44 (2d Cir.1994) (sentencing); United States v. Millan, 4 F.3d 1038, 1043 (2d Cir.1993), cert. denied, —— U.S. ——, 114 S.Ct. 1375, 128 L.Ed.2d 51 (1994) (pretrial detention). A sentencing court's legal conclusion as to whether a given circumstance permits downward departure is also reviewed de novo. United States v. Restrepo, 936 F.2d 661, 666 (2d Cir.1991).

However inexcusable it may have been for the government to continue to use outdated notices, every circuit court to consider this issue has found that receipt of an erroneous Form I–294 does not provide an appropriate basis for limiting a defendant's sentence to two years. United States v. McCalla, 38 F.3d 675, 679 (3d Cir.1994), cert. denied, —— U.S. ——, 115 S.Ct. 1968, 131 L.Ed.2d 857 (1995); United States v. Samaniego–Rodriguez, 32 F.3d 242, 244 (7th Cir.1994), cert. denied sub nom. Morales–Mendoza v. United States, —— U.S. ——, 115 S.Ct. 1432, —— L.Ed.2d —— (1995); Sanchez–Montoya, 30 F.3d at 1169 (9th Cir.1994); United States v. Ullyses–Salazar, 28 F.3d 932, 936 (9th Cir. 1994), cert. denied, —— U.S. ——, 115 S.Ct. 1367, 131 L.Ed.2d 223 (1995); United States v. Shaw, 26 F.3d 700, 701–02 (7th Cir.1994); United States v. Meraz–Valeta, 26 F.3d 992, 996 (10th Cir.1994); United States v. Perez–Torres, 15 F.3d 403, 406–08 (5th Cir.), cert. denied, —— U.S. ——, 115 S.Ct. 125, 130 L.Ed.2d 69 (1994); Smith, 14 F.3d at 666 (1st Cir.1994).

As several of these decisions make clear, receipt of the erroneous Form I–294 does not transform a statutorily authorized sentence

into a due process violation. Form I–294 did not misinform deported aliens about the *legality* of reentry. Cf. *United States v. Pennsylvania Indus. Chem. Corp.,* 411 U.S. 655, 670–75, 93 S.Ct. 1804, 1814–17, 36 L.Ed.2d 567 (1973); *Raley v. Ohio,* 360 U.S. 423, 437–40, 79 S.Ct. 1257, 1265–68, 3 L.Ed.2d 1344 (1959). The form clearly stated that "any deported person who within five years returns without permission [of the Attorney General] is guilty of a felony" pursuant to 8 U.S.C. § 1326. Thus, Cruz–Flores, like the other deported aliens who received the form, "had fair warning that the *conduct* he contemplated was a *felony,* and decided to enter the United States nonetheless." *Perez–Torres,* 15 F.3d at 406.

Form I–294 clearly misstated the severity of the *punishment* authorized by § 1326. However, such an administrative error does not give rise to a due process violation where, as here, the applicable statute correctly states the authorized punishment. See, e.g., id.; cf. *United States v. Batchelder,* 442 U.S. 114, 123, 99 S.Ct. 2198, 2203, 60 L.Ed.2d 755 (1979).

■ Insofar as defendant's argument is based on the doctrine of equitable estoppel, we agree with the Fifth Circuit's decision in *Perez–Torres* that willful and knowing commission of a felony in reliance on inaccurate information in a Form I–294 does not constitute "reasonable" reliance for purposes of equitable estoppel. 15 F.3d at 407–08.

■ Finally, the district court was correct in declining to grant a downward departure. Downward departure is usually available in circumstances that were not adequately taken into account by the Sentencing Commission in formulating the Guidelines. *United States v. Colon,* 905 F.2d 580, 585 (2d Cir.1990). However, even if the Sentencing Commission never considered that the INS might distribute outdated Form I–294s, "[t]he sentencing court cannot countenance [the defendant's] purposeful decision to engage in felonious conduct, and grant him the benefit of a downward departure, because [the defendant] understood the penalty he would face to be relatively minor." *Smith,* 14 F.3d at 666.

Affirmed.