**UNITED STATES of America**

v.

**Juan Luis ROMERO–TAMAYO, Defendant.**

**No. 98–CR–154A.**

United States District Court, W.D. New York.

Feb. 26, 1999.

U.S. Attorney, Buffalo, NY, for Government.

Kimberly A Schechter, Assistant Federal Public Defender, Buffalo, NY, for Defendant.

## DECISION AND ORDER

ARCARA, District Judge.

### *INTRODUCTION*

On October 19, 1998, defendant Juan Luis Romero–Tamayo waived indictment and pled guilty to a one-count information charging him with illegal reentry into the United States after previously being deported, in violation of 8 U.S.C. § 1326(a). Following defendant's plea of guilty, the United States Probation Office prepared a presentence investigation report ("PSR").[1] Both the government and the defendant object to paragraph 41 of the PSR, which provides:

> The defendant re-entered the United States after having previously been convicted of an aggravated felony. This is in violation of [8] U.S.C. § 1326(b)(2) which has a 20 year statutory maximum term of imprisonment. As a result, if convicted under that statute, the guideline imprisonment range of 46 to 57 months would be applicable. It should be noted that in a March 24, 1998 Supreme Court case, Almendares–Torres [sic] v. United States, 96–6839, the Supreme Court ruled that the penalty provisions of 8 U.S.C. § 1326(b)(1) and § 1326(b)(2) are not separate statutes but are sentencing enhancements of 8 U.S.C. § 1326(a). As a result, the Court in this situation, could determine that the statutory maximum is 20 years and is not 2 years and sentence the defendant within the guideline range of 46 to 57 months.

The government and the defendant argue that the two-year maximum sentence in § 1326(a) rather than the 20–year maxi-

Denise E. O'Donnell, United States Attorney, by Margaret M. Price, Assistant

---

**1.** Pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 6B1.1(c), acceptance of the plea must be deferred until there has been an opportunity to consider the PSR.

mum in § 1326(b)(2) must be applied in this case because the defendant was only charged with, and only pled guilty to, violating § 1326(a). They point out that the plea agreement specifically provides that the maximum sentence in this case is only two years pursuant to § 1326(a).

When the parties appeared for sentencing on January 25, 1999, the Court raised the issue of the applicability of the 20–year maximum in § 1326(b)(2) and ordered the parties to brief the issue. Oral argument was held on February 12, 1999.

After reviewing the submissions of the parties and hearing argument from counsel, the Court finds that the plea agreement in this case is contrary to law and therefore must be rejected.

## DISCUSSION

8 U.S.C. § 1326(a) makes it unlawful for a person who has been deported from the United States to reenter the United States without permission of the Attorney General of the United States. Section 1326 provides, in pertinent part, as follows:

**§ 1326 Reentry of removed alien; criminal penalties for reentry of certain removed aliens.**

(a) Subject to subsection (b) of this section, any alien who-

(1) has been ... deported ..., and thereafter[,]

(2) enters ..., or is at any time found in, the United States [without the Attorney General's consent or the legal equivalent], shall be fined under Title 18, or imprisoned not more than two years, or both.

(b) Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection-

(1) ...,

(2) whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under [Title 18], imprisoned not more than 20 years, or both.

The plain language of the statute makes clear that the severity of the penalties for violating § 1326(a) varies according to the defendant's criminal record. "A defendant who violates § 1326(a) after having been deported subsequent to his conviction of an aggravated felony is subject to imprisonment for up to 20 years." *United States v. Campbell*, 1999 WL 35153 (2d Cir. Jan.29, 1999) (citing 8 U.S.C. § 1326(b)(2)).

■ In this case, there is no dispute that the defendant was previously deported after being convicted of an aggravated felony. Indeed, the government and the defendant agreed to this fact in the plea agreement. *See* Plea Agreement at ¶ 7. Despite this fact, the government and the defendant argue that the 20–year maximum in § 1326(b)(2) cannot be applied in this case.

As stated above, the government and the defendant argue that the 20–year maximum in § 1326(b)(2) cannot be applied here because the defendant is only charged in the information with violating § 1326(a). Thus, according to the parties, only the two-year statutory maximum in § 1326(a) can be applied. This argument, however, is contrary to the plain language of the statute and the Supreme Court's decision in *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).

Section 1326(a) begins with the proviso: "*Subject to subsection (b) of this section* ...." (emphasis added). Section 1326(b) then provides:

*Notwithstanding subsection (a) of this section,* in the case of any alien described in such subsection ... (2) whose removal is subsequent to a conviction for commission of an aggravated felony, such alien *shall* be fined under [Title 18], imprisoned not more than 20 years, or both[.]

(emphasis added). Thus, the plain language of the statute makes clear that a defendant guilty of violating § 1326(a) is subject to the 20–year maximum sentence

in § 1326(b)(2) if, as here, the defendant was previously deported after conviction for an aggravated felony.

The Supreme Court's decision in *Almendarez–Torres* confirms this reading of the statute. In that case, the Court held that § 1326(b)(2) is merely a penalty provision and does not serve to define a separate immigration-related offense. Thus, a defendant who was deported after conviction of an aggravated felony is subject to the 20–year maximum sentence under § 1326(b)(2), even if the indictment or information does not charge or mention § 1326(b)(2).

The parties argue that *Almendarez–Torres* is distinguishable from this case because in *Almendarez–Torres* the defendant was charged with violating § 1326, whereas here the defendant is charged in the information with violating only § 1326(a). This argument, however, misses the point. Under *Almendarez–Torres*, only § 1326(a) states a crime; § 1326(b)(2) is merely a sentencing enhancement. Thus, for instance, an indictment or information that charges a defendant with violating only § 1326(b)(2) would be invalid as it would fail to charge a crime. In order to violate § 1326, a defendant must violate § 1326(a).[2] Therefore, it makes no difference whether the charge in the indictment or information refers to § 1326 or § 1326(a); § 1326(b)(2) still applies so long as the required circumstances are present.

The government argues that it has the authority to determine what charges to bring against a person and what the terms of a plea agreement should be. The government states that it has been the policy of the United States Attorney for the Western District of New York to permit a defendant charged with illegal reentry, who has a criminal history category of III or less under the U.S.S.G., to plead to § 1326(a), with a two-year cap on the sentence, unless the defendant has a history

of violent offenses or there are other aggravating circumstances in the case. The government argues that there are numerous policy reasons for the prompt disposition of reentry after deportation cases by way of such a guilty plea, including avoidance of suppression issues, evidentiary problems and other risks associated with going to trial and a substantial savings to the government in avoiding trial. The government states that if the Court determines in a particular case that a proposed plea agreement is not appropriate, then the Court has the discretion to reject the plea or permit the defendant to withdraw his plea. The Court finds the government's policy argument without merit.

The United States Attorney's policy, no matter how well intentioned, is contrary to law as it relies on discretion not provided for in the statute. If a § 1326 defendant was previously deported after conviction for an aggravated felony, application of the 20–year maximum in § 1326(b)(2) is automatic. "In enacting 8 U.S.C. § 1326, Congress plainly intended to punish more severely those individuals who illegally reenter the country after having committed aggravated felonies than those who illegally reenter the country after having committed lesser crimes." *United States v. Amaya–Benitez,* 69 F.3d 1243, 1246 (2d Cir.1995) (citing 8 U.S.C. § 1326(b)). What the government and the defendant are trying to do in this case is to use creative pleading to get around the plain language of the statute and the intent of Congress. While the United States Attorney may have the discretion to determine whether or not to charge an individual with a particular crime, once the decision is made to charge a defendant with violating § 1326 or § 1326(a), the defendant is automatically subject to the sentencing enhancements in § 1326(b), if applicable; there is no discretion left to either the United States Attorney or to the Court.

---

**2.** The Supreme Court declined to address whether 8 U.S.C. §§ 1326(b)(3) and (4), which were added by Congress in 1996, constitute separate crimes. *Almendarez–Torres,* 118 S.Ct. at 1227.

The United States Attorney's policy is also contrary to the policies underlying the U.S.S.G. as it creates an unwarranted disparity in sentencing. This point can be illustrated by comparing the defendant in this case to an identically-situated defendant who happens to have the misfortune of being convicted in a different district where the local United States Attorney follows the plain language of the statute rather than the policy followed by the United States Attorney here. Under U.S.S.G. § 2L1.2(b)(1)(A), the offense level of a § 1326 illegal reentry defendant is increased 16 levels if the defendant was previously deported after conviction for an aggravated felony. The parties agree that this 16–level increase applies in this case. They also agree that the U.S.S.G. sentencing range in this case is 46–57 months. Because of the local United States Attorney's policy, however, defendant was allowed to plead guilty pursuant to a plea agreement that provides a two-year or 24–month cap on the sentence. Thus, if the Court were to accept the parties' position, defendant's sentence in this case would be only 24 months. *See* U.S.S.G. § 5G1.1(a). By contrast, an identically-situated defendant who is convicted in a district where the local United States Attorney follows the language of the statute would face a minimum sentence under the U.S.S.G. of 46 months, nearly twice the amount of time faced by the defendant in this case. Such a disparate result is exactly what the U.S.S.G. were designed to eliminate. Sentences of similarly-situated defendants should not vary according to the district in which they are convicted.

If the United States Attorney or the Department of Justice believes that the sentencing enhancements in § 1326(b) and U.S.S.G. § 2L1.2(b)(1)(A) are too harsh, or that there are other practical or policy reasons for not applying such enhancements in all cases, then the United States Attorney or the Department of Justice should lobby Congress to change the statute. Until the law is changed, however, the Court must apply it as written.

■ The government further argues that the sentencing enhancement in § 1326(b)(2) cannot be applied here because the government must provide the defendant with notice before such an enhancement can be applied, and the government did not provide such notice in this case. The government has failed, however, to provide any authority for the proposition that government notice is required. There is no such requirement in § 1326, nor has the Court located any other statutory provision requiring such notice. *Compare* 21 U.S.C. § 851(a)(1) (where in contrast, Congress explicitly provided that "[n]o person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court ...").

■ Nor is any additional government notice required in order to satisfy the defendant's right to due process. Due process is satisfied if the "criminal statute 'give[s] a person of ordinary intelligence fair notice that his contemplated conduct is forbidden ....'" *United States v. Aquino–Chacon*, 109 F.3d 936, 938 (4th Cir.), *cert. denied*, —— U.S. ——, 118 S.Ct. 335, 139 L.Ed.2d 260 (1997); *see also United States v. Cruz–Flores*, 56 F.3d 461, 464 (2d Cir. 1995) (due process satisfied where the applicable statute correctly states the authorized punishment). At oral argument, the government argued that because defendant was charged in the information with violating only § 1326(a), he was not on notice of the sentencing enhancements in § 1326(b)(2). This argument, however, is belied by the clear language of the statute. Any person of ordinary intelligence reading the statute would understand that if he is charged with violating § 1326(a), he is subject to a 20–year maximum sentence under § 1326(b)(2) if he was previously deported after conviction for an aggravated felony. As stated above, subsection (a)

of the statute expressly refers to subsection (b) and vice versa.

Finally, the parties argue that if the Court decides that the 20–year maximum in § 1326(b)(2) applies in this case, the defendant must be given an opportunity to withdraw his plea. *See* Fed.R.Crim.P. 11(e)(4). Because the plea agreement in this case indicates that the maximum sentence faced by the defendant is only two years under § 1326(a), the Court agrees that it would be a violation of Fed. R.Crim.P. 11 to sentence defendant at this point to more than two years. However, the parties' argument does not go far enough. Withdrawal of the plea agreement in this case is not optional. The plea agreement is contrary to law and is therefore invalid. In the plea agreement, defendant pleads guilty to a violation of § 1326(a). The plea agreement states that the maximum sentence is only two years under § 1326(a). However, in the same plea agreement, the parties agree that the defendant was previously deported after conviction for an aggravated felony. As stated above, § 1326 clearly states that if a defendant was deported after conviction for an aggravated felony, the 20–year maximum under § 1326(b)(2) applies rather than the two-year maximum under § 1326(a). Thus, the plea agreement is inconsistent with the statute and must be rejected as a matter of law. If defendant still wishes to plead guilty, he will have to do so pursuant to a new plea agreement that is consistent with the statute.

### CONCLUSION

For the reasons stated, the Court rejects defendant's plea agreement in this case. Counsel for the parties are ordered to appear on March 5, 1999 at 9:00 a.m. for a meeting to set a trial date.

IT IS SO ORDERED.