**UNITED STATES of America,**
**Appellee,**

v.

**Gladstone Henry NEWELL, aka Gladstone Newell, aka Gladston Newell, aka Paul Devan, aka Noel Glaston, aka Newell Gladston, aka Johnny Cash, aka Mark H. London, aka Devon Newell, aka Gladston Devon, aka Gladston Noel, aka Gladsion Newell, aka Newel Gladston, aka Mark London, Defendant–Appellant.**

**No. 00–1418.**

United States Court of Appeals, Second Circuit.

Jan. 10, 2001.

Allan P. Haber, New York, NY, for appellant.

Erika K. Thomas, Assistant United States Attorney for the Southern District of New York, New York, NY, for appellee.

Present CARDAMONE, PARKER, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of the said District Court be and it hereby is AFFIRMED.

Defendant-appellant Gladstone Newell pleaded guilty to one count of illegal reentry of a deported alien, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(1). Newell appeals from the sentence of the United States District Court for the Southern District of New York (Berman, *J.*) imposed June 1, 2000, sentencing him following his guilty plea to 77 months imprisonment followed by three years supervised release.

Newell argues on appeal that his sentence violates the *ex post facto* clause of the United States Constitution, U.S. Const. art. I, § 9, cl. 3. Because he failed to raise this objection in the district court, he forfeited this argument; however, under Fed.R.Crim.P. 52(b), this Court may exercise its discretion to review his argument if the error alleged constituted "plain error[] ... affecting substantial rights." For the reasons explained below, we find that the district court committed no error in its imposition of sentence.

Newell argues that his sentence of 77 months violates the *ex post facto* prohibition because it is greater than the statutory maximum in effect before September 1994, when § 1326(b)(1)'s maximum penalty was increased from five years to ten years. *See* Violent Crime Control and Enforcement Act of 1994, Pub.L. No. 103–322, § 130001(b), 108 Stat. 1796, 2023 (Sept. 13, 1994) (amending § 1326(b)(1) to increase the maximum penalty from five years to ten years). Newell argues that he should be sentenced based on § 1326(b)(1) as it existed when he reen-

tered the country in November 1992, thus prior to September 1994. This argument is based partially on a document, alleged to have informed the Immigration and Nationalization Service ("I.N.S.") of his location in the United States, dated December 1994. Newell contends, first, that he should be considered "found in" the United States as of that date and, second, that he should be "credited" with three months because of his allegation that the I.N.S. failed to exercise due diligence in locating him. He bases his due diligence argument on the fact that he was arrested under an alias in Massachusetts in March 1993, and the I.N.S. should have noted his presence in the United States then.

Section 1326 provides that the offense of illegal re-entry is complete when "any of three events occurs: when a previously deported alien (1) 'enters,' or (2) 'attempts to enter,' or(3) 'is at any time found in' the United States." *United States v. Rivera–Ventura*, 72 F.3d 277, 281 (2d Cir.1995). "[T]he offense of being 'found in' the United States in violation of § 1326(a) is not complete until the authorities both discover the illegal alien in the United States, and know, or with the exercise of due diligence typical of law enforcement authorities, could have discovered, the illegality of his presence." *Id.* at 282 (internal citation omitted); *see also United States v. Santana–Castellano*, 74 F.3d 593, 598 (5th Cir.1996) (holding that a previously deported alien is "found in" the United States when his presence is discovered and noted by immigration authorities, and knowledge of illegality, through due diligence, can be attributed to immigration authorities).

To dispose of Newell's argument, we can assume *arguendo*, that Newell was "found" in the United States on December 8, 1994 as he asserts. His argument that he

**52**

should be "credited" for three months because of what he alleges to be a lack of due diligence in locating him on the part of the I.N.S. and be considered "found" on September 8, 1994 is entirely without merit or support. First, as demonstrated by the quoted portion of *Rivera–Ventura,* 72 F.3d at 281, set forth above, the due diligence requirement primarily applies to the I.N.S.' efforts in discovering the illegality of his presence, not to locating him. Second, in any event, the I.N.S. did not fail to exercise due diligence. *Cf. United States v. Bencomo–Castillo,* 176 F.3d 1300, 1303–04 (10th Cir.1999) (alien who was arrested under an alias and not discovered by I.N.S. until more than one year later was not "found" at the time of his arrest). Therefore, even if we accept for argument's sake that Newell was "found" on December 8, 1994, his crime was completed as of that date, and he was sentenced properly based on § 1326(b)(1) as it existed at that time.

In the alternative, we could also assume for the sake of argument that Newell's use of his invalid alien registration card at the time he reentered the country in November 1992 gave the I.N.S. notice of his physical presence but not of the illegality of that presence. *See United States v. Acevedo,* 229 F.3d 350, 355 (2d Cir.2000). Even under this assumption, however, the record fails to substantiate the notion that the I.N.S. failed to exercise the "diligence typical of law enforcement authorities." *Rivera–Ventura,* 72 F.3d at 282; *see United States v. Yu–Leung,* 51 F.3d 1116, 1121 (2d Cir.1995) ("[T]he error must be so plain that the trial judge and prosecutor were derelict in countenancing it, even absent the defendant's timely assistance in detecting it.").

Under either assumption, no *ex post facto* clause violation exists. *See Collins v. Youngblood,* 497 U.S. 37, 42, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990) (*ex post facto* clause prohibits punishment that was made more burdensome after the crime was committed).

Finally, Newell's argument that he was entitled to a lower sentence based on the notice of possible penalties given to him at the time of his deportation is without merit. *See United States v. Cruz–Flores,* 56 F.3d 461, 463–64 (2d Cir.1995).

For the reasons set forth above, the judgment of the district court is AF-FIRMED.